UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JEFFREY LUTMAN,

        Plaintiff,

v.

QUALITY MECHANICAL
CONTRACTORS, LLC,

        Defendant.

2:12-cv-0108-LRH-GWF

<u>ORDER</u>

      Before the court is plaintiff Jeffrey Lutman's ("Lutman") motion to sever and remand count 1 of the amended complaint. Doc. #6.[1] Defendant Quality Mechanical Contractors, LLC ("Quality Mechanical") filed an opposition (Doc. #9) to which Lutman replied (Doc. #10).

**I.    Facts and Procedural History**

      Lutman, a former employee of Quality Mechanical, was allegedly injured while on the job. Lutman filed for a worker's compensation claim and was subsequently terminated from his employment.

      Lutman then filed a complaint in state court alleging a claim for retaliatory discharge relating to his filing a workers' compensation claim. Lutman amended his complaint and added a claim for violation of the American with Disabilities Act ("ADA"). Doc. #1, Exhibit A. In

---

[1] Refers to the court's docket entry number.

1  response, Quality Mechnical removed the action to federal court on the basis of federal question
2  jurisdiction. Doc. #1. Thereafter, Lutman filed the present motion to sever and remand claim 1 for
3  retaliatory discharge to the Eighth Judicial District Court for the State of Nevada. Doc. #6.

4  **II.    Legal Standard**

5  Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district
6  courts of the United States have original jurisdiction, may be removed by the defendant or the
7  defendants, to the district court of the United States for the district and division embracing the
8  place where such action is pending." 28 U.S.C. § 1441(a).

9  Removal of a case to a district court may be challenged by motion. 28 U.S.C. § 1441(c). A
10 federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are
11 construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas*
12 *Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.
13 1992).

14 **III.   Discussion**

15 Lutman concedes that Quality Mechanical may remove the claim for violation of the ADA
16 to federal court, but argues that his claim for retaliatory discharge is a non-removable claim. *See*
17 Doc. #6. The court agrees.

18 Pursuant to 28 U.S.C. § 1445(c), "[a] civil action in any State Court arising under the
19 workmen's compensation laws of such State may not be removed to any district court of the United
20 States." In Nevada, a claim for retaliatory discharge relating to the filing of a worker's
21 compensation claim arises under its workers' compensation laws. *Bearden v. PNS Stores*, 894 F.
22 Supp. 1418, 1422 (D. Nev. 1995) (holding that plaintiff's private cause of action for retaliatory
23 discharge arose under Nevada's workers' compensation scheme and was thus improperly removed
24 to federal court). Therefore, the court finds that Lutman's first cause of action is not removable to
25 federal court. Accordingly, the court shall sever claim 1 from the complaint and remand it to the
26

Eight Judicial District of Nevada.

**IV.     Attorney's Fees**

An order remanding a case to state court may include an award of attorney's fees. 28 U.S.C. § 1447(c). A district court has wide discretion to grant attorney's fees. *Moore v. Permanent Medical Group*, 981 F.2d 443, 446 (9th Cir. 1992). Fees may be awarded when removal, "while fairly supportable, was wrong as a matter of law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 1999).

Here, the court declines to exercise its discretion in awarding attorney's fees because Quality Mechanical's removal, though ultimately unsuccessful, was appropriate as to Lutman's ADA claim.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #6) is GRANTED. The clerk of court shall SEVER claim 1 for retaliatory discharge from plaintiff's complaint (Doc. #1, Exhibit A) and REMAND it to the Eighth Judicial District Court for the District of Nevada.

IT IS SO ORDERED.

DATED this 4th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE